THE STATE, DEFENDANT IN ERROR, v. JAMES H. HENDRICKSON, PLAINTIFF IN ERROR.

Submitted July 1, 1920—Decided November 3, 1920.

1. In a criminal case, an application to direct a verdict in favor of the defendant is addressed to the discretion of the court, and the judicial action thereon is not reviewable on error, except in cases which are brought before the reviewing tribunal under the provisions of the one hundred and thirty-sixth section of the Criminal Procedure act.
2. The case made by the state was that while D—— (the complaining witness) and the defendant were engaged in a verbal altercation, the latter committed an unprovoked assault upon D——, first striking him and then dragging him into his (defendant's) office, that defendant (who was a justice of the peace) then wrote out a complaint against D—— charging him with disorderly conduct; and afterward issued a warrant and commitment upon the complaint, placing them in the hands of a constable, who took D—— into custody, and then, with the defendant accompanying him, took D—— to the county jail at Woodbury and turned him over to the jailor. *Held,* that the complaint, warrant and commitment were part of the *res gestæ* and admissible in evidence.

3. In the prosecution of a criminal offence the state does not assert a private right or maintain an individual interest in any such sense as to be affected or bound by hearsay statements of him who has been the victim or object of the criminal act. There is no such legal identity or privity between the person so situated and the state as to render admission made by him competent evidence in behalf of the party charged with the commission of the crime.

4. In assignments of error the grounds of error must be specifically set forth.

On writ of error to Gloucester County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and KATZENBACH.

For the plaintiff in error, *George B. Marshall.*

For the state, *Oscar B. Redrow,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The defendant was convicted in the Gloucester Quarter Sessions of assault and battery committed upon one Walter Devlin. The case comes before us on strict bill of exceptions and assignments of error.

The first two grounds upon which we are asked to reverse this conviction are—(1) that there was error in the refusal of the court to direct a verdict in favor of the defendant at the close of the state's case, and (2) that there was like error in refusing a similar motion when all the testimony was in. It is enough to say, in disposing of this contention, that an application in a criminal case to direct a verdict in favor of the defendant is addressed to the discretion of the court, and that, consequently, judicial action thereon is not reviewable on error except in cases which are brought before the reviewing tribunal under the provision of the one hundred and thirty-sixth section of the Criminal Procedure act. *State* v. *Jaggers,* 71 *N. J. L.* 281, 283. But even if this matter was properly before us it would avail the defendant nothing. The

case clearly shows that, on the testimony submitted, the state was entitled to go to the jury upon the question of the guilt or innocence of the defendant.

The next contention on the part of the defendant is that this conviction should be reversed because the trial court erroneously admitted in evidence a complaint, warrant and commitment made and issued by the defendant against Devlin at the time of the committing of the assault. The case made by the state was that while Devlin and the defendant were engaged in a verbal altercation with relation to the continued occupancy by Devlin of premises apparently in charge of the defendant as agent, the latter committed an unprovoked assault upon Devlin, first striking him and then dragging him into his (defendant's) office, which was just across the street; that defendant (who was a justice of the peace) then wrote out a complaint against Devlin, charging him with disorderly conduct; and afterwards issued a warrant and commitment upon the complaint, placing them in the hands of one Ellinger, a constable, who took Devlin into custody, and then, with the defendant accompanying him, took Devlin to the county jail at Woodbury and turned him over to the jailor. It seems to us manifest on these facts that the documentary proof was properly admitted. The false arrest and imprisonment were just as much a part of the assault as was the original blow struck by the defendant, and the steps taken by him to make the arrest and imprisonment appear to be legal were, of course, a part of the *res gestæ*. Moreover, even if the admission of this proof had been technically erroneous, it was not harmful to the defendant, for he himself admitted on the witness-stand that he had made the complaint and issued the warrant and commitment. As was said by the Court of Errors and Appeals, in the case of *Ganz* v. *State,* 59 *N. J. L.* 488, in which a like state of facts was exhibited: "Where it clearly appears that testimony, which was illegally admitted on the trial of a criminal cause, could not have injuriously affected the defendant, the admission of such illegal testimony does not constitute a ground for the reversal of the judgment."

Next it is argued that the court erroneously excluded a conversation between the defendant and Devlin after the finding

of the indictment, and which the defendant was asked to relate while he was on the witness-stand. It was admitted that the purpose sought to be accomplished was not the contradiction of anything Devlin had testified to, but to show his attitude toward the defendant. This testimony was properly excluded. The underlying principle is thus stated by this court in *State* v. *Brady, 71 N. J. L.* 360: "In the prosecution of criminal offences the state does not assert a private right, or maintain an individual interest in any such sense as to be affected or bound by hearsay statements of him who has been the victim or object of the criminal act. There is no such legal identity or privity between the person so situated and the state as to render admissions made by him competent evidence in behalf of the party charged with the commission of the crime." To the same effect is *State* v. *Hummer, 72 Id.* 328.

Certain other assignments of error are directed at rulings on testimony. It is enough to say in disposing of them that they all rest upon the contention that it was improper to permit the state to prove any facts relating to the arrest and commitment of the man Devlin by the defendant; and, as we have already held, this contention is without substance.

Lastly, counsel for defendant insists that the conviction should be set aside because, as he asserts, the trial court committed error in its instruction to the jury, and also in refusing to charge certain requests submitted on behalf of the defendant. But these matters are not properly before us for consideration. The only assignment of error bearing upon them is as follows: "Because the trial court committed error in its charge to the jury on the trial of this cause, and because of the said court's refusal to charge on many points as requested by the defendant's counsel." In assignments of error the grounds of error must be specifically set forth. The adverse counsel are entitled to know what the exception is upon which the plaintiff in error relies, and it is not the function of the court to search for errors not definitely pointed out. *Donnelly* v. *State, 26 N. J. L.* 463, 512; *State* v. *MacQueen,* 69 *Id.* 476.

The judgment under review will be affirmed.